FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH STROCSHER, | No.1:17-CV-03078-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney D. James Tree represents Elizabeth Strocsher (Plaintiff); Special Assistant United States Attorney Ryan Ta Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income (SSI) on

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

October 17, 2012 and an application Disability Insurance Benefits (DIB) on October 30, 2012, Tr. 86-87. She alleged disability as of April 7, 2007, Tr. 276, 283, due to mild scoliosis, epilepsy, migraines, anemia, and stomach problems, Tr. 315. The applications were denied initially and upon reconsideration. Tr. 164-70, 174-87. Administrative Law Judge (ALJ) Gordon W. Griggs held a hearing on January 12, 2015 and heard testimony from Plaintiff and vocational expert, Kimberly Mullinax. Tr. 32-61. At this hearing, Plaintiff amended her onset date to June 1, 2010. Tr. 38. The ALJ issued an unfavorable decision on January 30, 2015. Tr. 140-52. The Appeals Council remanded the decision to the ALJ for additional proceedings on September 18, 2015. Tr. 158-62.

The ALJ held a second hearing on July 20, 2016 and heard additional testimony from Plaintiff, medical expert, Don R. Clark, M.D., and vocational expert, Mark Harrington. Tr. 62-85. The ALJ issued a partially favorable decision on August 31, 2016 finding Plaintiff disabled as of August 27, 2014, but not disabled prior. Tr. 14-23. The Appeals Council denied review on February 23, 2017. Tr. 1-6. The ALJ's August 31, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 27, 2017. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 33 years old at the amended date of onset. Tr. 276. She completed the twelfth grade in 1996. Tr. 316. Her reported work history includes the jobs of call center customer service representative, cashier, front desk clerk, sandwich maker, and sales representative. Tr. 316, 326. Plaintiff reported that she stopped working on November 15, 2007 due to her conditions. Tr. 315. After

applying for benefits, she worked part-time as a cashier at K-Mart, Tr. 40, 308, 374, 607, and as an online customer service representative, Tr. 41, 45, 304.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This

burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 31, 2016, the ALJ issued a decision finding Plaintiff was disabled as defined in the Social Security Act as of August 27, 2014, but not disabled prior to this date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2010, the amended date of onset. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments prior to August 27, 2014: migraine headaches; Crohn's disease; seizure like events, probably anxiety vs epilepsy. Tr. 18. As of August 27, 2014, the ALJ determined that these severe impairments continued, and he added the severe impairment of rectal cancer. *Id*.

At step three, the ALJ found that prior to August 27, 2014 Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18. The ALJ found that as of August 27, 2014, Plaintiff's impairments medically equaled listing 13.18C. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity prior to August 27, 2014 and determined she could perform a range of work at a light exertional level with the following limitations:

the claimant could never climb ladders, ropes, or scaffolds. The claimant could occasionally climb ramps and stairs. She could occasionally stoop, kneel, crouch, and crawl. The claimant was limited to occasional exposure to extremely bright light and very loud noise. The claimant should avoid hazardous conditions such as proximity to unprotected heights, moving machinery, sharp objects, open water, and hot surfaces. The claimant must work within a 5-minute walk of sanitary restroom facilities.

Tr. 19. The ALJ identified Plaintiff's past relevant work as customer service representative, cashier II, hotel clerk, sandwich maker, office helper, child monitor, sales attendant, and receptionist. Tr. 22. The ALJ then concluded that prior to August 27, 2014, Plaintiff was able to perform the past relevant work of customer service representative, office helper, sales attendant, receptionist, and cashier II. *Id*.

The ALJ did not make a step five determination and concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 1, 2010 through August 26, 2014 and was disabled as of August 27, 2014. Tr. 22-23.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions and (2) failing to properly address Plaintiff's symptom statements.

**DISCUSSION**

**1.     Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Venu Bellum, M.D., Richard Sloop, M.D, Jennifer Schultz, Ph.D., and John F. Robinson, Ph.D. ECF No. 14 at 15-20.

In weighing medical source opinions, the ALJ should distinguish between

three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Venu Bellum, M.D.

On November 17, 2011, Dr. Bellum sent a letter to the Washington State

Department of Social and Health Services stating that Plaintiff had chronic headaches, a seizure disorder, and anemia and "is unable to be gainfully employed due to above medical problems most importantly her seizure disorder." Tr. 417. The ALJ rejected this opinion for four reasons: (1) Dr. Bellum did not explain his statement with citations to objective medical evidence, (2) Dr. Bellum did not reconcile this opinion with Plaintiff's daily activities, (3) Dr. Bellum did not reconcile this opinion with his own objective findings that showed Plaintiff's symptoms were controlled when compliant with treatment, and (4) the opinion "infringes on an issues reserved to the Commissioner under SSR 96-5p." Tr. 21.

Dr. Bellum is a treating provider. In his November 2011 letter, he stated that he had been treating Plaintiff for three years. Tr. 417. The parties appear to agree that the lesser of the two standards, specific and legitimate, are the appropriate standard when discussing Dr. Bellum's opinion. ECF Nos. 14 at 15, 15 at 21.

The ALJ's first reason fails to meet the specific and legitimate standard. While Defendant is accurate that the Ninth Circuit has held that an ALJ need not credit an opinion that is "conclusory, brief, and unsupported by the record as a whole," *Batson*, 359 F.3d at 1195, the Ninth Circuit has also found that a conclusory opinion supported by a treating relationship with the claimant and treatment records cannot be rejected simply because it is conclusory. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (An opinion based on significant experience with the claimant and supported by numerous records are entitled to the weight that an otherwise unsupported and unexplained opinion would merit). Here, Dr. Bellum was Plaintiff's treating provider for an extended period prior to penning the opinion. Tr. 417. While the ALJ asserted that this opinion was inconsistent with his objective findings in his own treatment records, he failed to provide any evidence to support this assertion. *See below*. Therefore, the ALJ's reliance on a lack of explanation is not legally sufficient to support his determination to reject the opinion.

The ALJ's second and third reasons provided by the ALJ for rejecting his opinion fail to meet the lesser standard of specific and legitimate because he failed to set forth a single example or citation to the record to support his assertions. The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. It is unclear which of Plaintiff's activities were inconsistent with the opinion, and it is unclear what objective evidence contained in Dr. Bellum's records was inconsistent with his opinion. Armed with nothing more than his conclusions, the ALJ's reasons fall short of the specific and legitimate standard.

The ALJ's fourth reason for rejecting Dr. Bellum's opinion, that it infringed on an issue reserved for the Commissioner, also falls short of the specific and legitimate reason. Social Security Ruling 96-5p states that it is the Commissioner's role to determine whether a claimant is "disabled" within the meaning of the Social Security Act. However, S.S.R. 96-5p was rescinded on March 27, 2017 and regulations 20 C.F.R. §§ 404.1527(d), 416.927(d) were enacted which preclude an ALJ from giving any special significant to the source of an opinion on issues reserved to the Commissioner and the opinions themselves are not to be considered medical opinions. Despite the ruling being rescinded, this Court will consider what the ALJ was mandated to follow at the time he rendered his decision and apply S.S.R. 96-5p, which defined a medical source opinion as statements by "acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis," and that "adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." Therefore, under S.S.R. 96-5p, the ALJ was still required to provide specific and legitimate reasons

for rejecting Dr. Bellum's opinion, which he failed to accomplish. *See supra.* Therefore, this claim is being remanded for additional proceedings to address this opinion in full.

**B.     Richard Sloop, M.D.**

Plaintiff also challenged the significant weight the ALJ provided to Dr. Sloop. ECF No. 14 at 15-16.

Dr. Sloop is also one of Plaintiff's treating sources. The ALJ stated that he gave significant weight Dr. Sloop's opinion from December 2013 finding that Plaintiff's impairments improved with regular treatment and medication. Tr. 21. However, the December 2013 "opinion" referenced by the ALJ was a "25-minute counselling and coordination of care visit," and not a medical source opinion as set forth in S.S.R. 96-5p.[1] Tr. 607-08. In the report Dr. Sloop specifically stated that Plaintiff's "headaches are much improved over the last two months. She has had only four migraines in two months and then a couple of very small headaches in October and the first of November." Tr. 607. This demonstrates that improvement means symptom reduction, not an eradication, of symptoms. The unanswered question established with Dr. Sloop's report of improvement is what are the functional limitations resulting from four migraines in two months with smaller headaches still being present. It is unclear if migraines and headaches would result in missed work or difficulty concentrating. Dr. Sloop did state that Plaintiff had started a part-time job over the holidays for twenty to twenty-four hours a week as a cashier. Tr. 607. But the record shows that Plaintiff missed work sixteen times between November 5, 2013 and December 15, 2014. Tr. 374.

The ALJ erred in his treatment of Dr. Sloop's December 23, 2013 treatment report. First, the report does not constitute a medical source opinion as set forth in

---

[1]Considering the rescinded S.S.R. 96-5p is applicable to Dr. Bellum, it is applicable to Dr. Sloop as well.

S.S.R. 96-5p. Second, the improvement referenced in the report is a reduction of symptoms, not an eradication of symptoms. This leaves Plaintiff's functional ability unclear. Third, substantial evidence does not support the implied the notion that Plaintiff's ability to maintain a part-time position translated into an ability to perform work as defined by the Commissioner. *See* S.S.R. 96-8p (A residual functional capacity is the claimant's ability to perform work activities on a "regular and continuing basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule.").

Upon remand proceedings, S.S.R. 96-5p will not be in effect and that ALJ will have to determine if the treatment note meets the definition of a medical opinion under 20 C.F.R. §§ 404.1520(a), 416.927(a). Therefore, the role of the ALJ will be to interpret the two statements from the treating physicians, Dr. Bellum and Dr. Sloop, and determine the appropriate weight to assign to each qualifying opinion.

### C. Jennifer Schultz, Ph.D., and John F. Robinson, Ph.D.

Both Dr. Schultz and Dr. Robinson provided opinions regarding Plaintiff's mental functional capacity. Tr. 92, 95-97, 431-36. The ALJ credited parts of their opinions but uniformly rejected all their functional findings, Tr. 21, and failed to include a single mental limitation in the residual functional capacity determination, Tr. 19. This is incongruent with the finding that "probably anxiety vs epilepsy" is included as a severe impairment at step two. Tr. 18. The Ninth Circuit has held that "[a]n impairment is not severe if it is merely a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Therefore, it is inconsistent to have a mental health impairment considered severe at step two but no resulting mental limitation in a residual functional capacity determination. As such, the ALJ is instructed to readdress the opinions of Dr. Schultz and Dr. Robinson on remand.

## 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that her symptom statements were not supported by the record. ECF No. 14 at 6-15.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's statements concerning the intensity and persistence of symptoms. *Andrews*, 53 F.3d at 1039. Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834; *Trevizo v. Berryhill*, 871 F.3d 664, 678-79 (9th Cir. 2017). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully supported prior to August 27, 2014. Tr. 21. The ALJ provided three reasons to support his determination: (1) the medical evidence reflected that Plaintiff's seizures were stable with medication; (2) Plaintiff had been non-compliant with treatment which was inconsistent with her allegations of disabling impairments; and (3) Plaintiff made inconsistent statements to her providers. Tr. 20.

Considering the case is being remanded for the ALJ to properly address the medical source opinions in the file, the ALJ is further instructed to make a new determination as to the supportability of Plaintiff's symptom statements in accord with S.S.R. 16-3p. In doing so, the ALJ is to consider and address Plaintiff's limited finances and health insurance during the relevant time period from June 1, 2010 to August 26, 2014. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) (benefits cannot be denied to a claimant for a failure to obtain treatment he cannot afford).

//

# REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to address the varying accounts of Plaintiff's impairments from her treating providers, to address Plaintiff's mental health impairments and their resulting limitations, and to address the Plaintiff's symptom statements in light of her lack of resources. Additionally, the ALJ is to gather any outstanding records for the period of time at issue, June 1, 2010 to August 26, 2014, and call a medical, a psychological, and a vocational expert to testify at any remand proceedings.

# CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is

**DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED March 1, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE